IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KYLE P.**[1], <br><br>        Plaintiff, <br><br>    v. <br><br>**ANDREW M. SAUL,** Commissioner of Social Security, <br><br>        Defendant. | Case No. 3:19-cv-933-SI <br><br> **OPINION AND ORDER** |

Caitlin S. Laumaker and George J. Wall, LAW OFFICES OF GEORGE J. WALL, 825 NE 20th Avenue, Suite 330, Portland, OR 97232. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; David J. Burdett, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

       Plaintiff Kyle P. brings this action pursuant to § 205(g) of the Social Security Act ("the

Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. For the following reasons, the Commissioner's decision is REVERSED and REMANDED for an immediate calculation and payment of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB and SSI on August 15, 2016. AR 16. In both applications, he alleged disability beginning February 8, 2015. *Id*. Plaintiff's claim was denied initially on September 26, 2016 and upon reconsideration on January 13, 2017. *Id*. Plaintiff appealed and testified at a hearing held before an Administrative Law Judge ("ALJ"). On July 19, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 16-28. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1. Plaintiff was born on September 13, 1988, making him 26 years old at the time of the alleged disability onset. AR 68.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

### C. The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act and had not engaged in substantial gainful activity since the date of alleged disability onset. AR 18. At step two, the ALJ found that Plaintiff has the following severe impairments: Organic Mental Disorder/Traumatic Brain Injury, Affective Disorder, Anxiety Disorder, and Post Traumatic Stress Disorder ("PTSD"). AR 19. At step three, the ALJ determined that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19-20.

At step four, the ALJ determined Plaintiff's RFC and found that Plaintiff could perform a full range of work at all exertion levels with the following limitations:

> the claimant can consistently maintain concentration, persistence, and pace for two to three step tasks for normal two-hour work periods; the claimant can plan and follow work place routines and maintain adequate attendance; and the claimant is limited to occasional and incidental general public contact.

AR 20-27. Because Plaintiff had no relevant past work, the ALJ proceeded to step five and found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was able to perform jobs that exist in significant numbers in the national economy, specifically industrial cleaner, hand bander, and agricultural produce packer. AR 27-28. The ALJ thus concluded that Plaintiff was not disabled. AR 28.

## DISCUSSION

Plaintiff contends that the ALJ improperly rejected his subjective symptom testimony as well as the opinion of Dr. Caleb Burns, Plaintiff's examining psychologist.

### A. Plaintiff's Subjective Symptom Testimony

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and

limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id*. at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff's application for benefits alleged that he could not work due to depression, PTSD, sleep problems, oppositional defiant disorder, memory problems, and traumatic brain injury. AR 223. Plaintiff testified to episodes of intense PTSD, anxiety, and vertigo that interfere with his ability to function normally. These symptoms began when Plaintiff was sexually and physically abused as a child before being placed in foster care at age seven. AR 58-59, 392-93, 396, 484-85. Plaintiff eventually moved to a group home and has been homeless for most of the period since turning 18. AR 407-08, 484-85, 489-90. In February 2015, Plaintiff suffered a traumatic brain injury in a car accident that killed a close friend, which exacerbated Plaintiff's PTSD and anxiety symptoms. AR 310-11, 316-17, 324-33, 335.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably he expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 21. In support of this finding, the ALJ

cited Plaintiff's activities of daily living, Plaintiff's allegedly conservative course of treatment, and a lack of objective medical evidence to support Plaintiff's testimony.

   1. **Activities of Daily Living**

Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). For daily activities to discount subjective symptom testimony, the activities need not be equivalent to full-time work; it is sufficient that the plaintiff's activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *See id*. at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). Moreover, particularly with certain conditions, cycles of improvement may be a common occurrence, and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months

or years and to treat them as a basis for concluding that a plaintiff is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

In rejecting the full extent of Plaintiff's symptom testimony, the ALJ cited Plaintiff's ability to care for his personal hygiene independently, prepare meals, and perform chores, including cleaning. *Id*. The ALJ also pointed to Plaintiff's ability to use public transportation and shop for groceries as well as the fact that he "enjoys listening to music." *Id*.

The ALJ mischaracterizes each of these activities. Plaintiff is homeless and lives on the streets. AR 40. He showers two to three times a month. AR 50. He has no way to prepare meals, so he spends his SNAP benefits on prepared foods such as sandwiches. *Id*. When those benefits run out, Plaintiff "dumpster dives" for half-eaten meals from food carts. AR 49. The only "chore" Plaintiff mentions is that he can "keep [his] area clean," presumably referring to the area where he camps overnight. AR 397. Plaintiff does not do laundry, but rather wears the same clothes indefinitely until he can dispose of them and acquire new ones. AR 50-51. While Plaintiff admitted to using public transportation, he told Dr. Caleb Burns that "I try really hard not to go on MAX because that's the worst. Except there are some really bad drivers like the bus driver who drove me here. And turns are the worst place where I feel the anxiety." AR 397. Dr. Burns noted in his report that Plaintiff's 2015 motor vehicle accident took place on a highway curve. *Id*. Finally, the Court does not understand how Plaintiff's ability to enjoy music is relevant to his ability to maintain employment. The ALJ's citation to Plaintiff's activities is not a clear and convincing reason to reject Plaintiff's subjective symptom testimony.

2. **Conservative Course of Treatment**

Routine, conservative treatment can be enough to discount a claimant's subjective testimony regarding the limitations caused by an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Not seeking an "aggressive treatment program" permits the inference

that symptoms were not "as all-disabling" as the claimant reported. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The amount of treatment is "an important indicator of the intensity and persistence of [a claimant's] symptoms." 20 C.F.R. § 416.929(c)(3). If, however, the claimant has a good reason for not seeking more aggressive treatment, conservative treatment is not a proper basis for rejecting the claimant's subjective symptoms. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

> The ALJ characterized Plaintiff's course of treatment as conservative because
>
> > [g]iven the claimant's allegations, one would expect to see more progressive treatment options. Notably, the medical records revealed no evidence of admissions or hospitalizations due to his mental health impairments. Additionally, the claimant has had minimal recent treatment for his alleged mental impairments. The claimant testified that he does not take any prescription medications for his alleged mental impairments."

AR 24. Though the administrative record does not include documentation of hospitalizations, Plaintiff reported that he had in fact been hospitalized several times for mental health issues. First, he told Dr. Caleb Burns that he had been hospitalized for suicidal ideation at age 10. AR 394. Plaintiff also reported a suicide attempt in 2009 for which he was hospitalized. *Id*. Plaintiff reported suicidal ideation to multiple medical professionals. AR 482, 490.

Plaintiff did not begin receiving regular mental health treatment until 2018, a few years after his car accident. But the record notes that Plaintiff resisted multiple referrals for care before finally attending an intake assessment because he had trouble remembering appointments scheduled for him, and because he was reluctant to take medications or go to therapy after negative experiences with such treatment in foster care. AR 263, 394-95, 482, 490. ALJs must consider possible reasons for a claimant's failure to comply with or seek treatment consistent with his alleged symptoms. SSR 16-3p, 82 FR 49462, 49466-67 (Oct. 25, 2017). The ALJ's

opinion here, however, does not explore any of these explanations for Plaintiff's "conservative" treatment.

In addition, the Ninth Circuit has cautioned that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation" "because mental illness is notoriously underreported." *Regennitter v. Commissioner of Social Sec. Admin*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). Given this guidance and the evidence in the record, the ALJ's "conservative treatment" rationale for discounting Plaintiff's symptom testimony is not a clear and convincing reason supported by record evidence.

### 3. Lack of Objective Medical Evidence

The ALJ's only other basis for rejecting Plaintiff's testimony was that Plaintiff's medical record appeared to show a level of function greater than what Plaintiff claimed. An ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ may not, however, reject subjective symptom testimony solely because it was not fully corroborated by objective medical evidence. *Robbins*, 466 F.3d at 883; *see also* 20 C.F.R. § 404.1529(c)(2) (noting that the Commissioner will not "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"). Because the Court rejects the ALJ's reliance on Plaintiff's activities and conservative course of treatment to justify discounting Plaintiff's symptom testimony, the lack of objective medical support is the sole remaining basis for the ALJ's finding.

Lack of objective medical support, on its own, cannot justify rejecting a claimant's subjective symptom testimony, but even if it were, the ALJ's claim that the objective evidence does not support Plaintiff's statements misrepresents the overall character of the evidence. AR 24. The ALJ cited several mini mental status examinations that were normal, as well as imaging that "supports a finding of nondisability." *Id.* Yet the mini mental status examinations were all during emergency or clinic visits unrelated to Plaintiff's mental health, such as vertigo, respiratory problems, a hand injury, and a rash. AR 350-52, 354, 374-77, 414-16, 425-29, 432-33, 437-38, 447-49, 468-70. For that reason, these treatment notes are minimally relevant to Plaintiff's psychological impairments. More thorough mental examinations by Drs. Caleb Burns and Elijah T. Smith, Qualified Mental Health Professional Melissa Adams, and Licensed Clinical Social Worker Deborah Ranker revealed depression, anxiety, and impaired memory. AR 391-405, 466, 480, 482, 484-491. The imagining results, furthermore, showed signs of Plaintiff's traumatic brain injury. AR 324-36.

**B. Opinion of Dr. Caleb Burns**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's

opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43.

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id*. at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Dr. Caleb Burns, a consulting examiner, met with Plaintiff and diagnosed him with major depressive disorder, recurrent and without psychotic features; PTSD; and memory deficits due to head trauma. AR 404. Dr. Burns stated that

> because of his posttraumatic stress disorder condition, and his major depression, Mr. Pillsbury will not be employable in any competitive work setting for the next 12 months. If he is placed in a job setting, he will be unable to remember even moderately detailed instructions, will be unable to sustain an ordinary routine without supervision, will be unable to work in coordination or proximity to others without being distracted by them, will not be able to work a normal workday and workweek without interference from psychologically based symptoms, will be unable to use public transportation reliably, etc.

*Id*. The ALJ gave little weight to Dr. Burns' opinion for the same reasons he discounted Plaintiff's subjective symptom testimony: the opinion was unsupported by the medical record, which showed normal mood, affect, behavior, judgment, and thought content; and because the opinion conflicted with Plaintiff's activities of daily living.

The ALJ's proffered rationales for rejecting Dr. Burns' opinion are inadequate for the same reason they were inadequate to reject Plaintiff's subjective symptom testimony. The ALJ mischaracterized the record, exaggerating the significance of Plaintiff's daily activities and minimizing the evidence of serious mental illness in the medical record. The ALJ erred by rejecting Dr. Burns' opinion without providing a specific and legitimate reason for doing so.

**C. Remedy**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the

utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

This record is fully developed, with copious medical reports and opinions. Plaintiff is homeless, has never been able to maintain stable employment, and has suffered from severe mental illness since his traumatic childhood, when he was abused by a family member before growing up in the foster care system. Plaintiff was injured in a serious car accident that killed a close friend and gave him a traumatic brain injury. As a result, Plaintiff suffered increased anxiety, post-traumatic stress disorder, and suicidal ideation. Plaintiff lives on the street, takes his meals from discarded leftovers in trash cans, and struggles to perform even basic tasks. If Plaintiff's testimony were credited as true on remand, the ALJ would be required to find Plaintiff

disabled. Because there is no real doubt that Plaintiff cannot maintain employment, the Court remands for an immediate calculation and payment of benefits.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for an immediate calculation and payment of benefits.

**IT IS SO ORDERED**.

DATED this 22nd day of June, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge